UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| ELIZABETH ANN CONLEY PHILLIPS, ) ) ) | |
| Plaintiff, ) | No. 7:23-CV-99-REW |
| v. ) ) | ORDER |
| MARTIN O'MALLEY, Acting ) Commissioner of Social Security, ) ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Commissioner moves to partially dismiss Plaintiff Elizabeth Ann Conley Phillips's Complaint, per Federal Rule of Civil Procedure 12(b)(6). *See* DE 8. As grounds, the Commissioner argues that Phillips's 42 U.S.C. § 1983 claim is not a viable legal theory because federal officials are not subject to suit under that statute. *See id.* at 2-3. Phillips failed to respond, and the time to do so has lapsed. *See* LR 7.1 ("Unless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion."). When a party fails to respond to a motion to dismiss, courts presume abandonment of the at-issue claims. *See Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) ("The district court correctly noted . . . that Doe abandoned those claims by failing to raise them in his brief opposing the government's motion to dismiss the complaint."); *Meredith v. Allen Cty. War Memorial Hosp. Comm'n*, 397 F.2d 33, 34 n.2 (6th Cir.1968) ( "Plaintiff also alleged in his complaint that jurisdiction existed under the antitrust laws, but this allegation was not advanced either in opposition [to] defendants' motion to dismiss or on appeal, and we therefore assume that the claim of antitrust violation has been abandoned.").

1

In any event, the Court will dismiss Phillip's claim because the Complaint fails to state a legally cognizable § 1983 claim. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, the Complaint raises a claim under § 1983, alleging that "the actions of the defendant while acting under color of state law as described elsewhere in these pleadings have made it impossible to have a fair hearing that they are entitled to under the due process clause." DE 1 ¶ 21 (Complaint). However, § 1983 requires a plaintiff to show that the alleged deprivation was caused by a defendant acting *under the color of state law*, and the Commissioner—the only named defendant—is the head of the Society Security Administration, *i.e.*, a federal agency. *See* 42 U.S.C. § 901(a) (stating that the Social Security Administration is an "agency in the executive branch of the Government"); *Conner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); *Haines v. Fed. Motor Carrier Safety Ass'n*, No. 14-14438, 2015 WL 1912338, at *4 (E.D. Mich. Apr. 27, 2015) ("Because § 1983 does not apply to federal actors, Haines's § 1983 claims will be dismissed with prejudice pursuant to Rule 12(b)(6)."). Section 1983 is thus inapplicable.

Accordingly, the Court **GRANTS** DE 8 and **DISMISSES with prejudice** Phillips's § 1983 claim.

This the 22nd day of February, 2024.



Signed By:
<u>Robert E. Wier</u>
**United States District Judge**